IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GARY SCHINAGEL and
PENNY SCHINAGEL, Husband and wife,

      Plaintiffs,

v.                                                                             No. Civ. 07-481 LH/RLP

THE CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE DEPARTMENT,
RUSSELL MOORE,
RAYMOND DEL GRECO,
LEE SPEER and JOHN DOES 1-15,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the "Motion to Dismiss No. I" (Doc. 16) filed by Defendants the City of Albuquerque (the "City"), the Albuquerque Police Department ("APD"), Russell Moore, Raymond Del Greco, and Lee Speer (collectively, "Defendants") on August 13, 2007.  Plaintiffs Gary Schinagel and Penny Schinagel (collectively, "Plaintiffs") filed a response conceding to the dismissal of many of the claims addressed in Defendants' motion to dismiss, while opposing others.  The Court, having reviewed the motion, briefs, relevant law, and otherwise being fully advised, finds that the motion should be granted in part and denied in part.

**I.**       **BACKGROUND**

This case stems from an alleged alteration between Plaintiffs and Officers Moore, Del Greco, and Speer at Plaintiffs' home on the night of September 6, 2005.  Plaintiffs allege that they were dancing while completely undressed in their home when Officer Moore, while purportedly investigating a loud music call at their home, entered Plaintiffs' side yard and peered through the

window for six minutes to watch them. According to Plaintiffs, when they saw Officer Moore, they ran to get dressed at which time Officer Moore came into their house without permission, without a warrant, and without probable cause. Plaintiffs contend that an altercation subsequently ensued in which they were subjected to excessive force, unlawfully arrested, and charged with crimes that were not supported by probable cause. Plaintiffs also assert that Defendants released information to the press about them, which was broadcast and published, that was entirely false.

Plaintiffs subsequently filed a Complaint for Violation of Civil Rights and Tort Claims arising from the incident. Plaintiffs assert the following claims: (I) wrongful arrest/unlawful detention under 42 U.S.C. § 1983; (II) use of unreasonable and excessive force under 42 U.S.C. § 1983; (III) false imprisonment, false arrest, assault and battery under the New Mexico Tort Claims Act ("NMTCA");[1] (IV) negligence against APD; (V) malicious and false prosecution; and (VI) intentional infliction of emotional distress ("IIED"), prima facie tort ("PFT"), defamation, and slander. Plaintiffs allege that the officers at all material times acted within the course and scope of their employment with APD and are being sued in both their official and individual capacities. *See* Compl. ¶¶ 6-8, 47. Additionally, Plaintiffs assert that the City is liable for the officers' conduct under the doctrine of respondeat superior. *See id.* ¶ 7. Plaintiffs request compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney's fees, and costs.

**II.     STANDARD**

The Supreme Court recently prescribed a new test to use in reviewing a motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6): whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

---

[1]The NMTCA is codified at N.M. Stat. Ann. §§ 41-4-1 through 41-4-27.

*Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The Tenth Circuit articulated this new standard of review on Rule 12(b)(6) motions to dismiss as follows:

> a plaintiff must "nudge [] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (internal citation omitted) (alterations in original). In ruling on a Rule 12(b)(6) motion, courts continue to assume the truth of the well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See id.* Even under this new standard, a complaint does not need to include detailed factual allegations, so long as it provides grounds for the plaintiff's entitlement to relief beyond labels, conclusions, and formulaic recitations of the elements of the cause of action. *See Twombly*, __ U.S. at __, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

### III.  LEGAL ANALYSIS

#### A.  Section 1983 claims against APD will be dismissed

Defendants seek dismissal of Plaintiffs' claims against APD that are asserted under § 1983, because APD is not a suable entity for purposes of § 1983. In their response, Plaintiffs consented to the dismissal of § 1983 claims against APD. The Court will therefore dismiss Plaintiffs' § 1983 claims against APD. This ruling does not affect Plaintiffs' state law claims asserted against APD under the NMTCA.

#### B.  Section 1983 claims against Officers Moore, Del Greco, and Speer in their official capacities will be dismissed

Defendants request dismissal of all § 1983 claims asserted against Officers Moore, Del

Greco, and Speer in their official capacities, because such claims are really against the City and are therefore redundant of Plaintiffs' same claims against the City. Plaintiffs do not oppose dismissal of the claims against the officers in their official capacities. Accordingly, the Court will dismiss Plaintiffs' § 1983 claims against Officers Moore, Del Greco, and Speer in their *official* capacities. This ruling does not affect Plaintiffs' § 1983 claims asserted against the officers in their *individual* capacities.

### C. Intentional infliction of emotional distress and prima facie tort claims will be dismissed

Plaintiffs allege a claim for IIED against Defendants for making a police report accusing Plaintiffs of criminal acts, when they knew that such accusations were false. *See* Compl. ¶ 88. Plaintiffs assert a PFT claim against Defendants for making a false police report as well as for making false reports to the media. *See id.* ¶¶ 89-91. Defendants argue that Plaintiffs' IIED and PFT claims must be dismissed because they are not authorized under the express provisions of the NMTCA. Plaintiffs respond that they consent to the dismissal of the IIED and PFT claims only against the City, APD, and the officers in their official capacities and oppose the dismissal of these claims against the officers in their individual capacities. Pls.' Resp. (Doc. 23) at 2. Plaintiffs argue, "To the extent that Plaintiffs claim the Officer Defendants violated state law, and committed personal torts against them, the claims for intentional infliction of emotion[al] distress and prima facie tort may go forward." *Id.* at 4. Plaintiffs contend that a claim brought under the NMTCA "does not require a government employee to be sued in his or her individual capacity in order to avoid Eleventh Amendment immunity defenses." *Id.* Plaintiffs' argument misses the mark and is without merit.

The NMTCA provides the exclusive remedy for a state tort action brought against a

governmental entity or public employee. *See* N.M. Stat. Ann. § 41-4-17 ("The Tort Claims Act . . . shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived . . . ."). The NMTCA retains governmental immunity for governmental entities and any public employees acting within the scope of their duties, except for eight enumerated classes of activity, including certain unlawful acts by law enforcement officers. *See* N.M. Stat. Ann. § 41-4-4 (granting immunity from tort liability for "governmental entity and any public employee while acting within the scope of duty . . . except as waived by . . . Sections 41-4-5 through 41-4-12"); *Cole v. City of Las Cruces*, 99 N.M. 302, 303, 657 P.2d 629, 630 (1983). As to torts committed by law enforcement officers, the NMTCA waives immunity in the following circumstances:

> for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

N.M. Stat. Ann. § 41-4-12. To state a tort claim under the waiver of immunity set forth in Section 41-4-12, a plaintiff must show "that the defendants were law enforcement officers acting within the scope of their duties, and that the plaintiff's injuries arose out of either a tort enumerated in this section or a deprivation of a right secured by law." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, 916 P.2d 1313, 1316. A police officer's failure to perform a statutory duty may serve as the foundation for a claim under Section 41-4-12. *See id.* at 1321.

The NMTCA does not waive the immunity of law enforcement officers for Plaintiffs' IIED and PFT claims standing alone as common law torts, because neither claim is expressly defined in the list set forth in Section 41-4-12. *See Romero v. Otero*, 678 F.Supp. 1535, 1540 (D.N.M. 1987)

(holding that NMTCA does not waive immunity of law enforcement officers for IIED claim standing alone as common law tort); *Derringer v. State*, 2003-NMCA-073, ¶ 16, 68 P.3d 961 (holding that governmental entities and public employees acting within scope of duties enjoy immunity from PFT claims because tort is not included in specific provisions of NMTCA).  Although the NMTCA waives immunity for "personal injury," including emotional distress, it does so only for injury "resulting from" one of the expressly named torts or from a violation of a statutory right.  *See Weinstein*, 1996-NMSC-021, 916 P.2d at 1320-21 (citing *Romero*, 678 F.Supp. at 1540, with approval for proposition that claim of damages for IIED, although not enumerated tort under Section 41-4-12, may be recoverable as personal injury damages arising from violation of statutory right). Because neither Plaintiffs' IIED or PFT tort claim is expressly defined in that list and Plaintiffs do not assert in either their complaint or in their response that the making of a false police report or a false media report violated any particular statutory right, Defendants are immune from Plaintiffs' IIED and PFT claims under the NMTCA.

Plaintiffs' argument that a tort action brought under the NMTCA does not require a government employee to be sued in his individual capacity is irrelevant to this analysis.  The official versus individual capacity distinction only applies to § 1983 claims.  *See Ford v. New Mexico Dep't of Public Safety*, 119 N.M. 405, 411, 891 P.2d 546, 552 (Ct. App. 1994).  The official capacity distinction is "best understood as a reference to the capacity in which the State officer is sued, not the capacity in which the officer inflicts the alleged injury."  *Id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 362 (1991)).  As the New Mexico Court of Appeals explained,

> Thus, the nature of the liability of a state official sued in federal court under 42 U.S.C. § 1983 is essentially the same as the nature of the liability of the official in a suit in state court under the New Mexico Tort Claims Act.  Both are sued for misconduct in office.  In both, the defendant is the individual, not the office.  After

>     all, when a state official sued under the Tort Claims Act leaves office, the official's
>     successor in office is not substituted as the defendant in the litigation.

*Id.*

It is true that the NMTCA contemplates suits against both governmental entities and public employees, but when the public employees are acting within the scope of their duties, both suits are limited by the waiver provisions of the NMTCA. *See* N.M. Stat. Ann. § 41-4-4. Here, Plaintiffs allege that Defendants Moore, Del Greco, and Speer are law enforcement officers employed by APD and were acting at all material times within the course and scope of their employment as law enforcement officers. *See* Compl. ¶¶ 6-7, 47. Plaintiffs have not alleged that the individual officers were acting outside the scope of their duties. Consequently, the IIED and PFT claims asserted against them must be considered in light of the limitations of the NMTCA, which as discussed above, does not waive immunity for such claims. *See* N.M. Stat. Ann. § 41-4-3(B), (D), & (F); § 41-4-4; & § 41-4-12. Because the officers are immune from suit under the NMTCA for these claims and because a governmental entity's immunity is waived by § 41-4-12 only to the extent that it is liable under principles of respondeat superior, the City and APD are similarly immune. *See Silva v. State*, 106 N.M. 472, 477, 745 P.2d 380, 385 (1987) ("To name a particular entity in an action under the Tort Claims Act requires two things: (1) a negligent public employee who meets one of the waiver exceptions under Sections 41-4-5 to -12; and (2) an entity that has immediate supervisory responsibilities over the employee. If a public employee meets an exception to immunity, then the particular entity that supervises the employee can be named as a defendant in an action under the Tort Claims Act.") (quoting *Abalos v. Bernalillo County Dist. Attorney's Office*, 105 N.M. 554, 559, 734 P.2d 794, 799 (Ct. App. 1987)); *Ford*, 119 N.M. at 411-12, 891 P.2d at 552-53 (explaining that because department is not "law enforcement officer" within meaning of

Section 41-4-3(D), Section 41-4-12 does not waive immunity for claims based on its primary liability; its immunity is waived by Section 41-4-12 only to extent that it is liable under principles of respondeat superior). Accordingly, Plaintiffs' intentional infliction of emotional distress and prima facie tort claims must be dismissed against all the named defendants.

  **D.**  **Punitive damages claims against Defendants under the NMTCA will be dismissed**

Defendants contend that Plaintiffs cannot recover punitive damages against any of the named Defendants under the NMTCA and that Plaintiffs cannot recover punitive damages against Officers Moore, Del Greco, and Speer in their official capacities under 42 U.S.C. § 1983. Plaintiffs concede that their "punitive damages claims against Defendants for their actions under state law may be dismissed." Pl.'s Resp. at 5. The Court will therefore dismiss Plaintiffs' punitive damages claims brought under the NMTCA. The Court has already indicated that it will dismiss Plaintiffs' § 1983 claims against Officers Moore, Del Greco, and Speer in their *official* capacities based on the parties' agreement that such claims should be dismissed. *See supra*. In light of that ruling, Defendants' additional request to dismiss Plaintiffs' punitive damages claims against Officers Moore, Del Greco, and Speer in their official capacities under 42 U.S.C. § 1983 is moot. This ruling does not affect Plaintiffs' § 1983 punitive damages claims against Officers Moore, Del Greco, and Speer in their *individual* capacities, which continue to remain in the case at this juncture.[2]

  **E.**  **Plaintiffs' claims for pre-judgment interest on their state tort claims brought**

---

[2]Although Defendants have not specifically moved to dismiss Plaintiffs' punitive damages claims under § 1983 against the City (as opposed to the officers in their official capacities), both parties appear to agree that such claims should be dismissed. *See* Def.'s Mot. at 12; Pl.'s Resp. at 5. Indeed, the United States Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

### under the NMTCA will be dismissed but Plaintiffs' claims for post-judgment interest will not be dismissed

Defendants contend that they are exempt from paying any pre- or post-judgment interest on any state tort claim judgment entered against them under the NMTCA. Plaintiffs argue that they are entitled to pre-judgment interest under N.M. Stat. Ann. § 56-8-4(B) and that policy reasons support the imposition of post-judgment interest on any state tort claim judgment entered against Defendants.

#### 1.     Pre-judgment interest

Under New Mexico law, a court generally has discretion to award pre-judgment interest for tort judgments. *See* N.M. Stat. Ann. § 56-8-4(B). Section 56-8-4(D), however, exempts the state and its political subdivisions "from the provisions of this section except as otherwise provided by statute or common law." N.M. Stat. Ann. § 56-8-4(D). Moreover, the NMTCA prohibits awarding pre-judgment interest against governmental entities and public employees: "No judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award . . . for interest prior to judgment." N.M. Stat. Ann. § 41-4-19(C) (as redesignated in 2004). Accordingly, because Section 56-8-4(D) and the NMTCA have expressly immunized governmental entities and public employees against claims for pre-judgment interest on state tort judgments, Plaintiffs are not entitled to pre-judgment interest on any judgment entered for them on their state tort claims brought under the NMTCA. *See City of Carlsbad v. Grace*, 1998-NMCA-144, ¶ 32, 966 P.2d 1178 ("a political subdivision, such as the City, is exempted from paying prejudgment interest under Section 56-8-4").[3] This ruling, however, does

---

[3]The cases cited by Plaintiffs to support the award of pre-judgment interest are all distinguishable, because they do not address pre-judgment interest for tort claims brought against

not bear on Plaintiffs' ability to pursue pre-judgment interest on their § 1983 claims.

### 2.     Post-judgment interest

Section 56-8-4(D) also immunizes the state and its political subdivisions from post-judgment interest "except as otherwise provided by statute or common law." N.M. Stat. Ann. § 56-8-4(D). This section "contemplates that the state and its political subdivisions will not be immune from post-judgment interest where a statute or the common law explicitly provides." *Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 47, 965 P.2d 305. Although Section 41-4-19 was previously silent as to whether governmental entities and public employees were immunized from post-judgment interest, in 2004, the section was amended to add the following provision:

> Interest shall be allowed on judgments against a governmental entity or public employee for a tort for which immunity has been waived under the Tort Claims Act at a rate equal to two percentage points above the prime rate as published in the Wall Street Journal on the date of the entry of the judgment. Interest shall be computed daily from the date of the entry of the judgment until the date of payment.

N.M. Stat. Ann. § 41-4-19(B) (as amended in 2004). Because the NMTCA now expressly provides for post-judgment interest, the Court will deny Defendants' motion to dismiss this claim.[4]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss No. I (Doc. 16) is **GRANTED** in part and **DENIED** in part as follows:

1.     Defendants' request to dismiss Plaintiffs' claims for post-judgment interest on any state tort claim judgment entered against them under the NMTCA is **DENIED** but all other requests

---

a governmental entity or public employee under the NMTCA.

[4]Neither party addressed the 2004 amendment to the NMTCA permitting post-judgment interest. Should a party disagree with the Court's application of the 2004 amendment of Section 41-4-19 to this case, the Court will entertain further argument on the issue.

made in the motion are **GRANTED**.

    2.    The following claims are therefore **DISMISSED**: (a) Plaintiffs' § 1983 claims against APD; (b) Plaintiffs' § 1983 claims against Officers Moore, Del Greco, and Speer in their official capacities, including Plaintiffs' claims for punitive damages under § 1983 against Officers Moore, Del Greco, and Speer in their official capacities; (c) Plaintiffs' intentional infliction of emotional distress and prima facie tort claims against all Defendants; (d) Plaintiffs' punitive damages claims brought under the NMTCA; and (e) Plaintiffs' claims for pre-judgment interest brought under the NMTCA.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**