**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

GARY SCHINAGEL and
PENNY SCHINAGEL, Husband and wife,

      Plaintiffs,

v.                                                                                                No. Civ. 07-481 LH/RLP

THE CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE DEPARTMENT,
RUSSELL MOORE,
RAYMOND DEL GRECO,
LEE SPEER and JOHN DOES 1-15,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 9, 2009, Defendants the City of Albuquerque ("City"), Albuquerque Police Department ("APD"), Russell Moore, Raymond Del Greco, and Lee Speer (collectively, "Defendants") filed two motions in limine: (1) Motion in Limine No. I: The Exclusion of Evidence at Trial regarding Defendant Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives (Doc. 125) and (2) Motion in Limine No. II: The Admissibility of Evidence of the Schinagels' Prior Arrests, Criminal Conviction, Alcohol/Drug Use, and Other Uncharged Misconduct (Doc. 126).  The same day Plaintiffs Gary and Penny Schinagel filed three motions in limine: (1) Motion in Limine I, to Exclude the Testimony of Defendants' Police Procedures Expert, David M. Grossi (Doc. 130), (2) Motion in Limine II (Doc. 122), and (3) Motion in Limine III to Exclude Reference to Prior Criminal History and Bad Acts (Doc. 129).  The Court, having reviewed the motions, briefs, relevant law, and otherwise being fully advised, finds that Plaintiffs' motions in limine should all be granted,

and Defendants' motions in limine should be granted in part and denied in part, as described herein.

**I.      STANDARD**

    **A.      Rule 403**

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

    **B.      Rule 404**

Rule 404 provides in its entirety:

> (a) Character evidence generally.--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
>> (1) Character of accused.--In a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;
>
>> (2) Character of alleged victim.--In a criminal case, and subject to the limitations imposed by Rule 412, evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor;
>
>> (3) Character of witness.--Evidence of the character of a witness, as provided in Rules 607, 608, and 609.
>
> (b) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed. R. Evid. 404.

### C.     Rule 405

Rule 405 establishes the permissible methods of providing character:

(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

Fed. R. Evid. 405.

### D.     Rule 702 and *Daubert*

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Fed. R. Evid. 702. It provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id.* Rule 702 incorporates the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), to ensure that proffered expert testimony, even non-scientific and experience-based expert testimony, is both relevant and reliable. *See* Fed. R. Evid. 702, 2000 Amendments.

*Daubert* challenges, like other preliminary questions of admissibility, are governed by Federal Rule of Evidence 104. *United States v. Turner*, 285 F.3d 909, 912-13 (10th Cir. 2002). To determine whether an expert opinion is admissible, the district court performs the following two-step analysis: (1) the court must determine whether the expert is qualified by knowledge, skill,

experience, training, or education to render an opinion, and (2) if the expert is so qualified, the court must determine whether the expert's opinion is reliable and helpful under the principles set forth in *Daubert*. *See 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). In addition to satisfying Rule 702 and *Daubert*, proffered expert testimony must also pass muster under Federal Rule of Evidence 403.

Trial courts have broad discretion in determining the admissibility of expert testimony. *See United States v. Velarde*, 214 F.3d 1204, 1208 (10th Cir. 2000) (court's admission of expert testimony is reviewed for abuse of discretion). The court's discretion is equally broad in both deciding how to assess an expert's reliability, including what procedures to use in making that assessment, and in making the ultimate determination of reliability. *Id.* at 1208-09. A district court need not hold a *Daubert* hearing to perform its gatekeeping function, so long as the court has sufficient evidence to perform the task of ensuring that an expert's testimony is both relevant and reliable. *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000). The district court, however, has no discretion as to the actual performance of its gate-keeping function. *Turner*, 285 F.3d at 913.

**II.   DISCUSSION**

    **A.   Plaintiffs' Motion in Limine I, to Exclude the Testimony of Defendants' Police Procedures Expert, David M. Grossi (Doc. 130)**

David M. Grossi is a police procedures expert whose report indicates he seeks to testify that (1) Officer Moore did not violate Plaintiffs' Fourth Amendment and New Mexico constitutional rights when he entered their curtilage and opened the door to their home; (2) Officer Moore did not use excessive force; (3) Officer Speer was in hot pursuit and properly entered Plaintiffs' home; (4) Officer Speer did not use excessive force against Gary Schinagel; and (5) Officer Del Greco

performed an appropriate investigation. Plaintiffs seek to exclude his testimony in its entirety. Plaintiffs seek to exclude testimony on topics (1), (3), and (5), because the Court already ruled on these matters. The Court agrees. Expert testimony is not necessary on the illegal entry, hot pursuit, and negligent investigation issues due to the Court's previous rulings on these issues. *See* Mem. Op. and Order (Doc. 116); Mem. Op. and Order (Doc. 117). As for testimony on the excessive force claims, Plaintiffs contend Mr. Grossi's testimony should be excluded because it is nothing more than a recantation of the officers' versions of events, will not assist the jury, and will confuse or mislead the jury. They note that the Court already excluded their own expert on such matters, and thus, the same reasoning should apply to exclude Mr. Grossi's testimony.

After considering Mr. Grossi's expert report, the Court finds that Mr. Grossi's testimony will not assist the jury in understanding the evidence or determining a fact in issue, because he has based his opinions, in large part, by making credibility determinations that will usurp the jury's fact-finding role. For example, his conclusion that Officer Moore did not use unreasonable force is based on his assessment that Officer Moore's version of events – that Mr. Schinagel pushed him first – is true, while Mr. Schinagel's version – that Officer Moore hit him first – is untrue. Likewise, his opinion that Officer Speer did not use excessive force relies on Officer Speer's version of events – that Mr. Schinagel had something in his hands – as being true, while Mr. Schinagel's and Officer Juarez's testimony that his hands were empty – is untrue. The claims in this case are heavily fact-dependent on which parties are telling the truth as to what occurred. Expert testimony that merely vouches for the credibility of a witness encroaches upon the jury's exclusive function and does not assist the trier of fact. *See United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001). The jury can weigh the evidence, and with the Court's jury instructions, draw their own conclusions. Mr. Grossi's testimony is thus not necessary. *See Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir.

2002) ("When the normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert witness is not necessary and is improper.") (quoting *Frase v. Henry*, 444 F.2d 1228, 1231 (10th Cir. 1971)).

Finally, Plaintiffs anticipate that Mr. Grossi may seek to offer an opinion on the remaining municipal liability theory and argue that any such opinions should be barred because his report contains no opinions on this topic. The Court similarly found nothing in Mr. Grossi's report on the failure-to-train theory. In fact, Mr. Grossi's report opines that Officer Moore's entry was lawful, contrary to the Court's ruling. The Court therefore agree that Mr. Grossi should not be able to testify to matters not disclosed in his report. *See* Fed. R. Civ. P. 26(a)(2)(B) (party must disclose expert report with "complete statement of all opinions the witness will express and the basis and reasons for them").

For all the foregoing reasons, Plaintiffs' motion to exclude Mr. Grossi's testimony will be granted.

### B.     Plaintiffs' Motion in Limine II (Doc. 122)

Plaintiffs seek to exclude the following: (1) evidence that officers found a bag of marijuana at Plaintiffs' home after it was searched; (2) Penny Schinagel's arrest for driving under the influence ("DUI") on December 11, 2006; and (3) the Use-of-Force forms from the incident in this case in which the City concluded that the force used was appropriate. The Court finds that all such evidence should be excluded from trial under Rule 403, as it is far more prejudicial than probative.

As for the marijuana, there has been no evidence presented to the Court to indicate that Plaintiffs were high at the time of the encounter with Defendant Officers, so the marijuana found is not relevant to Plaintiffs' perception of the events and is substantially more prejudicial than probative. *See infra* Section II.D.3. Defendants nonetheless argue that the marijuana is relevant to

the malicious prosecution claims.  Plaintiffs, however, were arrested *before* the officers found the marijuana.  Because the circumstances viewed objectively by the officers at the time of their arrest could not support a marijuana possession charge, the marijuana cannot support a defense to the unlawful arrest claim.  *Cf. Devenpeck v. Alford*, 543 F.3d 146, 155 (2004) ("Those are lawfully arrested whom the facts *known* to the arresting officers give probable cause to arrest.") (emphasis added).  Moreover, Plaintiffs were not charged with marijuana possession, and thus, the marijuana is not relevant to whether Defendant Moore maliciously prosecuted them on charges that were not supported by probable cause.  *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *Pierce v. Gilchrist*, 359 F.3d 1279, 1291-97 (10th Cir. 2004) (explaining that lack of probable cause to support prosecution is element of malicious prosecution claim).  Under the facts of this case, the Court finds that evidence of marijuana found in Plaintiffs' home after their arrests, which was not used to support any of the charges for which they were prosecuted, is substantially more prejudicial than probative and should be excluded under Rule 403.

With respect to Ms. Schinagel's DUI arrest, the post-event arrest is clearly not relevant to the claims and will only confuse the issues.  Defendants seek admission under Rule 405(b), arguing that Ms. Schinagel's character is essential to an assessment of her claim for damages.  As explained more fully below in Section II.D.1, Rule 405(b) only applies when a character trait is an "essential element" of a claim or defense, such as in a defamation claim.  Character evidence is not an "essential element" of a damages claim, and thus, Rule 405(b) does not apply.  Instead, the evidence is far more prejudicial than probative and should be excluded under Rules 404(b) and 403.

Finally, the Use-of-Force forms are no longer relevant because the Court already ruled in favor of Defendants on the municipal liability claims stemming from the alleged excessive force.  Admitting the forms at this point would usurp the jury's role in making its own determination on

the excessive force claim from the evidence. In any event, Defendants have represented that they do not intend to introduce these forms.

The Court therefore concludes that Plaintiffs' Motion in Limine II should be granted.

**C.     Defendants' Motion in Limine No. I: The Exclusion of Evidence at Trial regarding Defendant Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives (Doc. 125)**

**a.     Prior use of force incidents**

Defendants seek exclusion of any information about the use of force by Defendant Officers in prior and subsequent incidents, any Internal Affairs complaints, or civil rights lawsuits. The Court agrees this evidence should be excluded under Rule 403 for the following reasons. First, the evidence amounts to improper character propensity evidence under Rule 404(b). Second, allowing such testimony would create a mini-trial within a trial and be a waste of time. Finally, the danger of unfair prejudice and confusion of the issues substantially outweighs the probative value of the evidence. The focus of the excessive force inquiries and the state law claims should be on the events of that night, nothing more. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1167-68 (10th Cir. 2005) (affirming trial court's exclusion under Rules 403 and 404(b) of evidence of other occasions when officer arrested persons without probable cause or used excessive force because evidence was unduly prejudicial and was irrelevant to objective constitutional standard and to assault and battery claims that require only proof of intent to perform actions).

**b.     Failure to follow training and procedures or to use less intrusive alternatives**

Defendants also seek to exclude any evidence that the officers did not follow their training or APD standard operating procedures ("SOPs") or that they could have used less intrusive alternatives. Claims based on violations of police procedure are not actionable under § 1983.

8

*Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001). Moreover, the reasonableness standard of the Fourth Amendment does not require that officers use alternative less intrusive means. *Id.* (quoting *Illinois v. Lafayette*, 462 U.S. 640, 647-48 (1983)). Fourth Amendment claims, instead, are analyzed under an "objective reasonableness" standard. *See*, *e.g.*, *Graham v. Connor*, 490 U.S. 386, 397 (1989). "That an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant." *See Tanberg*, 401 F.3d at 1164.

The Court has already ruled that Plaintiff's police procedures expert, Larry Danaher, cannot testify concerning whether any of the Defendant Officers' actions violated policies, procedures, training, or Plaintiffs' constitutional rights. Similar evidence from other witnesses should likewise be excluded as irrelevant to the Fourth Amendment reasonableness analysis. *See Tanberg,* 401 F.3d at 1163-64 (holding that trial court did not abuse its discretion in excluding evidence of SOPs to support constitutional and state claims). To admit this evidence creates the danger of confusing the issues and prejudicing the jury. SOPs are not constitutional standards, yet there is a danger that a jury may view violations of SOPs as amounting to a constitutional violation. Moreover, to hold otherwise would create a disincentive to adopt progressive procedures in excess of the federal constitutional minima. Accordingly, evidence of failure to follow training and SOPs or to use less intrusive means will be excluded. This ruling, however, should not be construed to affect Plaintiffs' ability to ask questions concerning the training the officers received on entering the curtilage and opening doors to homes when responding to noise violation calls, which the Court already ruled is relevant to Plaintiffs' municipal liability claim.

> **D.    Plaintiffs' Motion in Limine III to Exclude Reference to Prior Criminal History and Bad Acts (Doc. 129)**

**and**

**Defendants' Motion in Limine No. II: The Admissibility of Evidence of the Schinagels' Prior Arrests, Criminal Conviction, Alcohol/Drug Use, and Other Uncharged Misconduct (Doc. 126)**

Defendants seek to admit the following the following evidence of Gary Schinagel's prior criminal history and bad acts, while Plaintiffs seek to exclude it:

(1) Gary Schinagel's arrest on August 8, 1978 by the El Paso Police Department for possession of less than 2 oz. of marijuana.

(2) Gary Schinagel's arrest on February 22, 1979 in El Paso for receiving stolen property.

(3) Gary Schinagel's arrest on May 21, 1979, for issuance of a bad check.

(4) On January 27, 1978, the State of Texas prosecuted Gary Schinagel for assault for striking Marcus Miller in the face with a closed fist. The record does not indicate the result of the prosecution.

(5) Gary Schinagel's arrest on May 12, 1989, by the El Paso Police Department for possession of an illicit alcoholic beverage.

(6) Gary Schinagel's arrest on May 17, 1989, for possession of marijuana, 5 to 50 pounds. He was convicted of this felony charge on February 22, 1993, and sentenced to 10 years probation.

(7) May 4, 2002 incident in which a security guard, Rene Saucedo, at a Taco Cabana restaurant in Albuquerque, New Mexico, accused Gary Schinagel of battery. According to Plaintiffs, the guard refused to allow Ms. Schinagel to use the bathroom without a receipt, and when Gary argued with him, the guard maced him. When Ms. Schinagel tried to grab the guard's badge number, the guard restrained her, so Mr. Schinagel hit him. The guards called the police. According to Defendants, Mr. Schinagel walked towards the guards with clenched fists, so Mr. Saucedo sprayed him with mace twice to no effect. Mr. Schinagel then punched him in the face. No charges were filed from the incident.

(8) Feb. 15, 2005 incident at Tanoan Country Club in Albuquerque where Gary Schinagel and another member, Robert Thorson, got into an argument. Mr. Schinagel hit a golf ball that just missed Mr. Thorson, so Mr. Thorson took the ball. According to Mr. Schinagel, when he tried to get his ball back, Mr. Thorson pushed him. Mr. Schinagel then hit him. According to Mr. Thorson, Mr. Schinagel punched him in the jaw after a verbal argument took place and was rendered unconscious for

        about 40 minutes. Based on the record, no charges appear to have been filed from the incident.

(9)     Gary Schinagel's statement that he is "a pothead."

(10)    On September 6, 2005, the night in question, Gary Schinagel consumed one or two rum and cokes and a glass of wine at dinner, and then had another alcoholic drink at home.

Defendants also seek to admit the following evidence of Penny Schinagel's prior criminal history and alcohol use, which Plaintiffs seek to exclude:

(1)     On September 6, 2005, the night in question, Penny Schinagel consumed two rum and cokes and a glass of wine at dinner.

(2)     Approximately 22 years ago, Penny Schinagel was arrested by the El Paso Police Department regarding a mistaken identity case. She was never charged, as another woman had been using her identification.

(3)     On December 11, 2006, Penny Schinagel was arrested by the New Mexico State Police and charged with DUI, careless driving, possession of marijuana, and three other counts.

### 1.     Gary Schinagel's character evidence to prove he was the aggressor

Defendants argue that evidence of Mr. Schinagel's character is admissible under Rule 404(a). Although the literal language of Rule 404(a) applies only to criminal cases, the Tenth Circuit has held that "when the central issue involved in a civil case is in nature criminal, the defendant may invoke the exceptions to Rule 404(a)." *Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986). In *Perrin*, the defendant officers wanted to introduce evidence of the plaintiff's violent actions against officers under Rule 404(a) in order to show that the plaintiff was the aggressor. *See id.* at 1043-44. The Tenth Circuit held that the self-defense claim in the case was not functionally different from a self-defense claim in a criminal case, and thus, affirmed admission of the character evidence. *Id.* at 1044-45. The Tenth Circuit, however, concluded that the court erred under Rule 405 by admitting testimony about prior specific incidents. *Id.* at 1045. It explained that evidence

of violent disposition to prove the person was the aggressor is an example of circumstantial use of character evidence, for which only reputation and opinion are acceptable forms of proof under Rule 405. *Id.*

Defendants argue that Officer Moore is prepared to testify that, in his opinion, Gary Schinagel is a violent individual. His opinion is based on his altercation with Mr. Schinagel and his knowledge of his criminal history. Officer Moore, other than the incident at issue, has no other personal knowledge of Mr. Schinagel's violent character. To establish a basis for personal knowledge to allow him to testify to Mr. Schinagel's character would require him to explain that his opinion is based on Mr. Schinagel's prior criminal history, an impermissible way to get in specific instances of misconduct. Evidence of specific bad acts is inadmissible character propensity evidence under Rule 404(b). None of the Rule 404(b) exceptions apply to allow this evidence in trial.

Furthermore, Officer Moore lacks a sufficient basis for his opinion under Rule 405. Based on the record before the Court, Mr. Schinagel's only conviction is for a non-violent marijuana possession felony. Of his other arrests, only one was for a violent crime – assault – and he was never convicted of the crime. The prosecution occurred 30 years ago. The two more recent violent instances do not appear to have resulted in an arrest, let alone conviction. To allow Officer Moore to testify that Mr. Schinagel is violent based on one prosecution for assault that occurred 30 years ago and two possible batteries that never resulted even in an arrest would be highly prejudicial and would necessarily result in multiple mini-trials of the prior incidents that could confuse the jury. This evidence is thus far more prejudicial than probative under Rule 403 and should be excluded.[1]

---

[1] The Court has already excluded prior instances of misconduct involving Officer Moore using force or committing constitutional violations against citizens in other encounters as character evidence to prove that he, and not Mr. Schinagel, was the aggressor. It would be unfair to exclude such evidence against Officer Moore but permit it against Mr. Schinagel.

Of course, should Plaintiffs attempt to characterize Mr. Schinagel as a peaceful person, then the evidence of specific instances of misconduct would be admissible to impeach the characterization. Plaintiffs, however, have stated that they do not intend to present such evidence at trial.

### 2. Specific instances of Plaintiffs' prior misconduct to rebut claim for damages under Rule 405(b)

Defendants next argue that the specific instances of prior misconduct are relevant to rebut Plaintiffs' damages claims for emotional distress, psychological harm, and reputation harm. Defendants argue that Plaintiffs' character is essential to their claim for damages and thus is admissible under Rule 405(b).

The Court disagrees. Defendants have not provided a case in which the character of a person has been deemed an "essential element" of a damages claim or defense under Rule 405(b) and the Court has not found any such authority. The fact that Plaintiffs have been arrested before does not necessarily negate their assertion that the alleged false arrest here caused them emotional damages. Moreover, their emotional distress damages may also be due to the illegal home invasion and use of force, not just their arrests. The specific instances of misconduct evidence is substantially more prejudicial than probative, as it may confuse the jury by leading to multiple mini-trials while being of minimal probative value. The Court will therefore exclude such evidence under Rule 403.

Once again, the Court may reconsider its ruling should Plaintiffs open the door to this evidence by putting on evidence that the arrest damaged their reputation. *See* Fed. R. Evid. 405(a). In that instance, Mr. Schinagel's checkered history and felony conviction may be relevant to rebut his evidence of a prior good reputation.

### 3. Use of alcohol and long-term use of marijuana

Defendants also contend that Plaintiffs' use of alcohol on the night in question is relevant to their ability to perceive and recall the events of that evening. The Court agrees that what Plaintiffs consumed that night is relevant as to their perception of the events and thus admissible for impeachment purposes when cross-examining them. That alcohol may affect perception is within most lay witnesses' observations and does not require expert testimony.

Lastly, Defendants assert that Gary Schinagel's long-term marijuana use is relevant to his ability to accurately perceive and recall the events of that evening. There does not appear to be any evidence that Plaintiffs consumed marijuana that evening, and thus, the evidence is not relevant or admissible to prove altered perception that night. The effect of long-term marijuana use on Mr. Schinagel's memory of events is a topic that would require expert testimony to establish. Defendants have not so designated an expert witness for the topic, and thus, any such expert testimony would be excluded. Furthermore, having a mini-trial on this side issue would distract the jury from the core issues at hand. Evidence of long-term marijuana use will therefore be excluded, unless Plaintiffs open the door to the evidence by claiming Mr. Schinagel has a law-abiding reputation.

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' Motion in Limine I, to Exclude the Testimony of Defendants' Police Procedures Expert, David M. Grossi (**Doc. 130**) is **GRANTED**;

2. Plaintiffs' Motion in Limine II (**Doc. 122**) is **GRANTED**;

3. Plaintiffs' Motion in Limine III to Exclude Reference to Prior Criminal History and Bad Acts (**Doc. 129**) is **GRANTED**;

4. Defendants' Motion in Limine No. I: The Exclusion of Evidence at Trial regarding

Defendant Officers' Use of Force in Prior and Subsequent, Unrelated Incidents, Police Standard Operating Procedures, Training, and Less Intrusive Alternatives (**Doc. 125**) is **DENIED** to the extent it seeks to exclude evidence on the training the Defendant Officers received on entering the curtilage and opening doors to homes when responding to noise violation calls, but is **GRANTED** in all other respects; and

5.      Defendants' Motion in Limine No. II: The Admissibility of Evidence of the Schinagels' Prior Arrests, Criminal Conviction, Alcohol/Drug Use, and Other Uncharged Misconduct (**Doc. 126**) is **GRANTED** as to Plaintiffs' consumption of alcohol on the night in question but **DENIED** in all other respects.

_____
SENIOR UNITED STATES DISTRICT JUDGE